# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

COREY HARRELL, CRESCENT
COMMUNITY OUTREACH, INC.,
SONJA BEN AND NEW VISIONS
BEHAVIORAL HEALTH CENTER, LLC

NO. 2026 KW 0123

**MAY 18, 2026**

---

In Re:   Corey Harrell and Crescent Community Outreach, Inc.,
         applying for supervisory writs, 19th Judicial District
         Court, Parish of East Baton Rouge, No. DC-24-00550.

---

**BEFORE:   McCLENDON, C.J., GREENE AND STROMBERG, JJ.**

**WRIT GRANTED IN PART; DENIED IN PART.** In this case, the documents provided by the State to the defense pursuant to open file discovery were an inadequate response to the defense request for a bill of particulars. An accused is entitled to be adequately informed of the nature and cause of the accusation against him. La. Const. art. I, § 13. Although a defendant is not entitled to discover the details of the evidence with which the State expects to prove its charge, a defendant may seek a bill of particulars under La. Code Crim. P. art. 484 to elicit information from the State regarding the specifics of the crime charged. The extent to which a bill of particulars should be granted is governed by the nature and complexity of the case. Due to the nature and complexity of the charge of conspiracy, a more definitive bill is required. Where a defendant is charged with conspiracy to commit a crime, he is entitled to be informed through a bill of particulars of the identity of the unindicted co-conspirators known to the State and of any overt act or acts in furtherance of the commission of the crime. **State v. Rogers,** 375 So.2d 1304, 1313 (La. 1979). Because the documents contained in the Attorney General's file may be inadequate to inform defendants of the accusations against them, the State is **ORDERED** to provide a written response to defendants' motion for bill of particulars. The State retains the right to object to any specific requests in defendants' motion for bill of particulars to the extent that a request may exceed constitutional and statutory requirements. See e.g. La. Code Crim. P. arts. 468 & 469. In all other respects, the writ is denied. This matter is remanded to the district court for further proceedings consistent with this ruling.

PMc
HG
TPS

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
     FOR THE COURT